UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **MEMORANDUM DECISION** |
| - v - | : | **& ORDER** |
| JOHNNY MARTINEZ, | : | 99-CR-1048-4 (DC) |
| a/k/a "RAOUL BATISTE," | | 20-CV-2723 (DC) |
| Defendant. | : | 20-CV-4400 (DC) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPEARANCES:**     AUDREY STRAUSS, ESQ.
Acting United States Attorney for the
Southern District of New York
     By:   Kiersten A. Fletcher, Esq.
          Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York  10007

JOHNNY MARTINEZ
Defendant *Pro Se*
FCI Coleman-MED, P.O. Box 1032
Coleman, Florida  33521

**CHIN, Circuit Judge:**

On September 26, 2003, defendant Johnny Martinez was convicted after a jury trial of (1) conspiracy to commit murder-for-hire in violation of 18 U.S.C. § 1958 ("Count One") and (2) use of a firearm in connection with a crime of violence (specifically, the conspiracy charged in Count One), in violation of 18 U.S.C. § 924(c) ("Count Three").  Dkt. No. 86; Presentence Investigation Report ("PSR") at 1.  He was acquitted of murder-for-hire ("Count Two"), which also alleged a violation of 18 U.S.C.

§ 1958.  Dkt. No. 86; PSR at 1.  On January 24, 2005, Martinez was sentenced to a term of life imprisonment on Count One, followed by a consecutive term of imprisonment of ten years on Count Three.  Sentencing Transcript ("Sent'g Tr.") at 16.  Martinez, *pro se*, now makes the following post-judgment motions:  motion to reduce sentence, Dkt. No. 190; motions to vacate, set aside, or correct sentence, Dkt. Nos. 207, 209; motion for clarification of sentence, Dkt. No. 222; motion for compassionate release, Dkt. Nos. 223, 239; and motion for appointment of counsel, Dkt. No. 233.  For the reasons set forth below, Martinez's motion to vacate, set aside, or correct his sentence is **GRANTED IN PART AND DENIED IN PART** and the rest of his motions are **DENIED.**

## BACKGROUND

In May 1998, a drug-distribution organization hired Martinez and two other individuals to kill Johan Pena-Perez and Nilton Duran, two men who had allegedly stolen heroin and cash from the organization.  PSR ¶¶ 17-18.

On May 26, 1998, Martinez and the other gunmen fired at the victims while they sat in their car at a traffic light, killing the first victim in the driver's seat and wounding the second victim in the passenger seat.  *Id.* ¶¶ 20-21.  The second victim managed to escape.  *See id.* ¶ 22.

On September 25, 1998, Martinez was arrested by the New York City Police Department, but he was released on bail and subsequently fled to the Dominican

Republic.  *See id.* ¶ 29.  He was ultimately arrested in the Dominican Republic and extradited to the United States on January 22, 2003.  *Id.*

The government filed a superseding indictment charging Martinez with Counts One, Two, and Three.  Martinez pleaded not guilty, and he was eventually convicted and sentenced as noted above.

Martinez appealed the judgment, but the Second Circuit affirmed, *United States v. Banks*, 464 F.3d 184, 185 (2d Cir. 2006), and the Supreme Court denied his petition for certiorari, *Martinez v. United States*, 552 U.S. 935 (2007).  In 2010, Martinez filed a motion to vacate, set aside, or correct his sentence, which I denied.  Beginning nearly seven years later, the instant motions followed.

## DISCUSSION

I. **Motion for Relief Under § 2255**

   A. Jurisdiction

Before reaching the merits of Martinez's § 2255 motion, I must determine whether I have jurisdiction to entertain his challenge.  The Government argues that I lack jurisdiction because even if I grant Martinez's motion and vacate Count Three, he will still be subject to a life sentence, meaning he is not seeking release from "custody" under § 2255.  I reject this argument and conclude that I have jurisdiction over Martinez's § 2255 motion.

That Martinez's "custody was independently justified under concurrent, coterminous sentences does not preclude him from satisfying the 'custody' requirement." *Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019). Further, courts in this Circuit routinely reach the merits of habeas petitions challenging fewer than all of the counts of conviction. *See Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016) (reaching the merits of a habeas petition challenging only one of two concurrent sentences); *United States v. Erbo*, No. 08-CV-2881, 2020 WL 6802946, at *2 (S.D.N.Y. Nov. 19, 2020) (same); *see also Young v. United States*, No. 06-CR-285, 2020 WL 5077248, at *1 (E.D.N.Y. Aug. 27, 2020) (vacating § 924(c) count despite unchallenged life sentence); *Qadar v. United States*, No. 00-CR-603, 2020 WL 3451658, at *3 (E.D.N.Y. June 24, 2020) (same). And the cases on which the Government relies to establish that I lack jurisdiction involved challenges to noncustodial aspects of a defendants' sentence, unlike Martinez's motions here, which challenge his ten-year sentence pursuant to Count Three. *See United States v. Rutigliano*, 887 F.3d 98, 101 (2d Cir. 2018) (challenge to restitution order); *United States v. Kaminski*, 339 F.3d 84, 85 (2d Cir. 2003) (same); *United States v. Ross*, 801 F.3d 374, 379 (3d Cir. 2015) (challenge to fine). Accordingly, I have jurisdiction over Martinez's § 2255 motion.

    B.    <u>Count Three</u>

Turning to the merits of Martinez's § 2255 motion, he correctly argues -- and the Government concedes -- that under *United States v. Davis*, 139 S. Ct. 2319 (2019),

4

Count One is no longer a valid predicate offense for a § 924(c) conviction. Accordingly, I vacate his conviction and accompanying sentence on Count Three.

    C.    <u>Count One</u>

Martinez also argues that I should vacate his Count One conviction based on *Davis*, 139 S. Ct. 2319, *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). But the aforementioned cases apply, if at all, only to Martinez's § 924(c) conviction and have no bearing on his conspiracy to commit murder count. In other words, the cases Martinez cites provide no reason to vacate his Count One conviction or reduce the accompanying sentence.

Martinez also argues actual innocence and that I erred in calculating his Guidelines range. *See* Dkt. No.250 at 2-5; *see also* Dkt. No 190 at 2-3 (arguing for a Guidelines range of 210-262 months). But these claims are untimely as they were filed more than a decade after Martinez's conviction became final, 28 U.S.C. § 2255(f) (one-year statute of limitations), and even if they were timely, they are meritless. Martinez has offered no argument as to why a mandatory life sentence pursuant to 18 U.S.C. § 1958 was inapplicable here, and he has offered no evidence to support his claim of actual innocence, *see United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001) (stating that a claim of innocence "must be supported by evidence"). Accordingly, Martinez's motions to vacate his Count One conviction and accompanying sentence are denied.

D.  <u>Whether Resentencing Is Necessary</u>

The Government argues that even if I vacate Martinez's Count Three conviction, I need not hold a resentencing and instead I can amend the judgment without a hearing. I agree.

Section 2255 directs the district court, on granting a habeas petition, to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A district court may, however, amend the judgment without a resentencing or hearing where such amendment is "strictly ministerial." *United States v. Powers*, 842 F.3d 177, 180 (2d Cir. 2016); *see Young*, 2020 WL 5077248, at *3 ("Resentencing is particularly inappropriate where a petitioner is serving a mandatory life sentence for an unchallenged conviction."). Here, even with the vacatur of Count Three, Martinez is subject to a mandatory sentence of life in prison, and so any resentencing or hearing would be strictly ministerial and unnecessary. I thus will enter an amended judgment reflecting conviction only on Count One and modify his sentence by eliminating the mandatory consecutive sentence of ten years, the term of imprisonment attributable to Count Three.

## II. Motion for Compassionate Release

By letter dated October 28, 2020, Martinez also moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government opposes the motion. For the reasons set forth below, Martinez's motion is denied.

Where a defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may "reduce [his] term of imprisonment . . . after considering the factors set forth in section 3553(a)" if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

It is undisputed that Martinez has exhausted his administrative remedies and that Martinez's "several serious medical conditions" -- including Type 2 Diabetes, hypertension, cardiomyopathy treated with a pacemaker, and obesity[1] -- constitute extraordinary and compelling circumstances within the meaning of § 3582(c) such that he is eligible for compassionate release.  Dkt. No. 240 at 4-5.[2]  Nonetheless, the § 3553(a) factors weigh heavily against terminating Martinez's life sentence.  *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (district court has "broad" discretion to consider whether extraordinary and compelling circumstances warrant a reduction in defendant's sentence).

---

[1]     In his motion, Martinez stated that he suffers from "level three (3) of Diabetes," Dkt. No. 223 at 1, but in his reply, he clarified that he has Type 2 Diabetes, which the Bureau of Prisons classifies as a "care level three (3) condition," Dkt. No. 247 at 4.

[2]     Martinez reports that, as of February 3, 2021, he has COVID-19.  Dkt. No. 247 at 5.  This constitutes an additional compelling circumstance under § 3582(c); however, it also undercuts his argument in a way, because Martinez asserted that he "will surely decease" if he contracted COVID-19, Dkt. No. 223 at 3, which we now know was an overstatement.

Martinez was sentenced to life imprisonment under 18 U.S.C. § 1958 for his role in a conspiracy to commit murder-for-hire, a "feroci[ous]" crime of the most serious nature. Sent'g Tr. at 16. Although he was acquitted of the substantive murder-for-hire count,[3] Martinez played a lead role in executing the violent scheme that resulted in the death of a twenty-six-year-old and severe injury (eight gunshot wounds) of another. PSR ¶¶ 20-22, 29. The punishment for actions resulting in death under § 1958 is "death or life imprisonment."[4] I concluded a life sentence was "not only a reasonable sentence, but . . . the appropriate sentence." Sent'g Tr. at 16.

Martinez's history and characteristics also weigh against his early release. After Martinez's arrest, he fled the country to avoid prosecution. *See* PSR ¶ 29. He remained a fugitive in the Dominican Republic for five years before finally being extradited to the United States. *See id.* Further, Martinez was previously on probation for the attempted criminal sale of a controlled substance to an undercover police officer, *id.* ¶¶ 49-50, and has been found in possession of narcotics and tested positive for

---

[3]   During sentencing, I stated that I believed Martinez had been acquitted on the substantive murder-for-hire count only because the jury had not been convinced beyond a reasonable doubt that Martinez fired the fatal bullet. Sent'g Tr. at 16.

[4]   Martinez's mandatory life sentence does not bar this Court from granting compassionate release. *See, e.g.*, *United States v. Rodriguez*, 00-CR-761, 2020 WL 5810161, at *8 (S.D.N.Y. Sept. 3, 2020) (granting compassionate release despite defendant's mandatory life sentence because defendant had been "totally rehabilitated" and had underlying health conditions that "increase[d] the risks associated with COVID-19"); *United States v. Perez*, 02-CR-7, 2021 WL 837425, at *5 (D. Conn. Mar. 4, 2021) ("Although [the defendant's] life sentences are mandatory, the mandatory component does not bar relief under the First Step Act.").

narcotics while incarcerated, Dkt. No. 240 Ex. F at 1, 3. Ultimately, Martinez's demonstrated disregard for the law weighs against an early release.

Lastly, Martinez's arguments that he no longer presents a threat to the public are unavailing. First, Martinez's prison disciplinary record shows ten infractions. Dkt. No. 240 Ex. F. Second, even assuming that Martinez had been a model inmate, a prisoner's rehabilitation efforts alone do not necessarily justify early release. *See United States v. Weeks*, No. 16-CR-167, 2020 WL 1862634, at *3 (S.D.N.Y. Apr. 14, 2020); *see also United States v. Saleh*, 93-CR-181, 2020 WL 2829626, at *4 (S.D.N.Y. Jul. 8, 2020) ("Indeed, every inmate should strive for a productive institutional record while incarcerated because that is what is expected.").

Granting Martinez's motion would mean releasing him from his life sentence after fewer than twenty years in prison. In light of the seriousness of his offense, I conclude that such a sentence reduction would undermine respect for the law and the need for a just sentence, and weaken the deterrent effect on future criminal conduct. Further, I am not persuaded that Martinez no longer presents a threat to the public. Consequently, Martinez's motion for compassionate release is **DENIED**.

## CONCLUSION

For the reasons set forth above, Martinez's § 2255 petition is **GRANTED IN PART AND DENIED IN PART**. His Count Three conviction is vacated, and his sentence is reduced by ten years. His conviction on Count One and accompanying

sentence of life imprisonment remain in place.  Because Martinez has not made a substantial showing of the denial of a constitutional right in regard to the portions of his § 2255 motion that I denied, I decline to issue a certificate of appealability.  *See* 28 U.S.C. § 2253 (as amended by the Antiterrorism and Effective Death Penalty Act).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order with regard to Martinez's habeas petition would not be taken in good faith.

Martinez's remaining motions are also **DENIED**.  The Clerk of the Court shall terminate the pending motions in case number 99-CR-1048 (Dkt. Nos. 190, 207, 209, 222, 223, 233, and 239) and in case number 20-CV-2723 (Dkt. Nos. 1-3) and close the civil case.

**SO ORDERED.**

Dated:    New York, New York
          March 24, 2021

/s/ Denny Chin_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

10